FILED
U.S. DISTRICT COURT
2006 DEC 15 P 2: 01
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANGELA L. LARSON, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> JO ANNE B. BARNHART, <br> Commissioner, Social Security Administration, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S EAJA FEE APPLICATION <br><br><br><br><br> Case No. 2:04-CV-496 TS |

In this Social Security case, Plaintiff seeks attorney fees under the Equal Access to Justice Act (EAJA). "Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."[1] It is undisputed that Plaintiff is a prevailing party under the EAJA because she obtained a "sentence four"[2] remand. The Commissioner has not challenged Plaintiff's computation of her claimed attorney fees,

---

[1] *Hackett v. Barnhart*, 2006 WL 3365374, at *4 (10th Cir. Nov. 21, 2006) (citing 28 U.S.C. § 2412(d)(1)(A)).

[2] Sentence four of 42 U.S.C. § 405(g).

1

their reasonableness, nor the cost of living adjustment that Plaintiff is seeking. Thus, the only issue before the Court is whether the Commissioner has met her burden of showing that her position was substantially justified.[3]

In *Hackett v. Barnhart*,[4] the Tenth Circuit recently examined the standard for an award of EAJA fees in social security cases:

> "The test for substantial justification in this circuit is one of reasonableness in law and fact." Thus, the government's position must be "justified to a degree that could satisfy a reasonable person." The government's "position can be justified even though it is not correct."[5]
>
> * * *
>
> As defined by EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." The statute further provides that "whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."[6]
>
> * * *
>
> [W]e hold that EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." This is only the general rule, however, and, for purposes of this case, we do not need to state

---

[3]*Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

[4]2006 WL 3365374.

[5]*Id.* at *4 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) and *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988)).

[6]*Id.* at *5 (quoting 28 U.S.C. § 2412(d)(2)(D) and (d)(1)(B)).

2

categorically that a reasonable litigation position by the government can never "cure" unreasonable agency action. . . .[7]

In its April 5, 2006 Order, this Court reversed the ALJ on two issues: The ALJ failed to state the specific reasons that he gave diminished weight to the medical opinion of Plaintiff's treating physician and (2) failed to properly include all of Plaintiff's limitations in her RFC and in the hypothetical to the Vocational Expert (VE). Accordingly, the Court reversed the Commissioner's decision and remanded the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

In determining whether the Commissioner's position was substantially reasonable, the Court "should focus on the issue that led to remand, rather than on the ultimate issue of disability."[8] Similarly, the Court focuses exclusively on the issue upon which remand was granted, rather than any issues raised upon which the Plaintiff did not prevail.[9]

Having considered the record, the Court finds that the Commissioner's position was not substantially justified. The ALJ's failure to include Plaintiff's limitations in her RFC and in the hypothetical to the VE was unreasonable. Similarly, the ALJ's failure to adequately address the opinions of the treating physician was not justified. The ALJ's failures did not involve harmless error because this case does not involve an "exceptional circumstance, *i.e.*, where, based on material the ALJ did at least consider (just not properly), [the court] could confidently say that no reasonable administrative factfinder, following the correct

---

[7]*Id.* at *7 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).

[8]*Willoughby v. Chater*, 930 F.Supp. 1466, 1469 (D. Utah 1996).

[9]*Hackett*, 2006 WL 3365374, at *8 n.1.

3

analysis, could have resolved the factual matter in any other way."[10]  Accordingly, it is "improper to rely on the Commissioner's litigation position to deny the plaintiff's EAJA application."[11]

The Court has considered the documentation submitted by Plaintiff's counsel together with the entire record, and finds that the number of hours requested is reasonable. The Court further finds that the cost of living adjustment that Plaintiff is seeking is reasonable. It is therefore

ORDERED that Plaintiff's Motion for Attorney Fees under the EAJA (Docket No. 18) is GRANTED. It is further

ORDERED that Plaintiff's counsel is awarded attorney fees in the amount of $5,273.70, pursuant to 42 U.S.C. § 2412(d).

DATED December 15, 2006.

BY THE COURT:

TED STEWART
United States District Judge

---

[10] *Id.*, at *7 (explaining difference in administrative appeal between improper judicial fact finding and proper application of harmless-error principles).

[11] *Id.*

4